IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 09-CR-40035-3-NJR |
| ) | |
| ) | |
| TELLY H. LEWIS,   ) | |
| ) | |
| Defendant.   ) | |

# ORDER

**ROSENSTENGEL, District Judge:**

Defendant Telly Lewis filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 97). Assistant Federal Public Defender Thomas Gabel voluntarily entered his appearance on behalf of Defendant Lewis (Docs. 100). Mr. Gabel has now moved to withdraw claiming that Defendant Lewis is ineligible for a sentence reduction under Amendment 782 based on his status as a career offender (Doc. 104). The Government agrees with Mr. Gabel's conclusion (Doc. 108). Defendant Lewis was given an opportunity to respond to Mr. Gabel's motion to withdraw (Doc. 105), but he did not do so.

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL

§ 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses.

Because Defendant Lewis was sentenced as a career offender, his offense level and guideline range were based on § 4B1.1(b), not § 2D1.1(c). As a result, his guideline range does not change under Amendment 782, and a sentence reduction under § 3582(c)(2) is not authorized. *See, e.g., United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1.")

Accordingly, Mr. Gabel's Motion to withdraw (Doc. 104) is **GRANTED**. Defendant Lewis's motion for a sentence reduction (Doc. 97) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   March 16, 2015

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
